**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3764-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

KAZMECK HOLLINGSWORTH,

     Defendant-Appellant.

_____

Submitted November 4, 2021 – Decided December 22, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 10-02-0648.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Andrew J. Bruck, Acting Attorney General, attorney for respondent (Debra G. Simms, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Kazmeck Hollingsworth appeals from an October 11, 2019 order denying his petition for post-conviction relief (PCR) after oral argument but without an evidentiary hearing. Because defendant failed to establish a prima facie showing of ineffective assistance of counsel, we affirm.

I.

In the early morning hours of June 28, 2009, R.D. was shot several times in front of an apartment complex in Camden.[1] He was treated at a hospital and recovered from his wounds.

Defendant was charged with the attempted murder of R.D., as well as aggravated assaults and weapons offenses. A jury trial was conducted in February and March 2012. The central issue was whether defendant was the shooter. Several witnesses testified that defendant had confronted R.D. just before the shooting. One witness testified that she had seen defendant shoot R.D. Before trial, that witness had given police a statement, telling them that she had seen defendant shoot R.D. The witness later wrote a letter recanting that statement. Nevertheless, at trial she returned to her original testimony that she had seen defendant shoot R.D. Another witness, who was in her home near

---

[1] We use initials to protect the privacy interest of the victim.

A-3764-19

where the shooting had occurred, testified that she had heard R.D. state that defendant had shot him.

R.D. testified at trial on behalf of defendant. He explained that he had known defendant for years and he considered defendant to be like a member of his family. He acknowledged defendant was present at the shooting but denied defendant had shot him. R.D. maintained another man, whom R.D. did not know, had shot him.

The jury acquitted defendant of first-degree attempted murder, N.J.S.A. 2C:5-1 and N.J.S.A. 2C:11-3(a)(1), but convicted him of four other crimes: second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2); second-degree possession of a handgun for an unlawful purpose, N.J.S.A. 2C:39-4(a); and second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). In a separate trial, defendant was convicted of second-degree possession of a handgun by a person not permitted to have a weapon, N.J.S.A. 2C:39-7(b).

On August 31, 2012, defendant was sentenced. On his convictions for second-degree aggravated assault and second-degree unlawful possession of a weapon, he was sentenced to extended, concurrent prison terms of eighteen years subject to periods of parole ineligibility and parole supervision as

3

prescribed by the No Early Release Act, N.J.S.A. 2C:43-7.2. On the conviction for certain persons not to have a weapon, defendant was sentenced to a consecutive prison term of eight years with five years of parole ineligibility. Defendant's other convictions were merged. Consequently, in the aggregate, defendant was sentenced to twenty-six years in prison with periods of parole ineligibility.

Defendant filed a direct appeal, but we affirmed his convictions and sentence. State v. Hollingsworth, No. A-0772-14 (App. Div. Aug. 18, 2017) (slip op. at 1). The Supreme Court denied defendant's petition for certification. State v. Hollingsworth, 232 N.J. 291 (2018).

On August 25, 2017, defendant, representing himself, signed a petition for PCR. The petition was received by the Criminal Division on August 31, 2017, but filed on September 25, 2017. Initially, the petition was withdrawn because it was believed that the appeal was still pending when the petition was filed. Eventually, the petition was refiled and deemed to have been filed when originally submitted.

Defendant was assigned PCR counsel, who submitted additional papers on defendant's behalf. On October 11, 2019, the PCR judge, who also had presided over the trial, heard oral argument on the petition. That same day, the

judge denied the petition, stating the reasons for the ruling on the record and entering an order.

The PCR judge ruled that defendant's petition was barred both on procedural and substantive grounds. Procedurally, the judge found that the petition was filed beyond the five-year period allowed for a first PCR petition. See R. 3:22-12. In addition, the PCR judge reasoned that some of defendant's arguments should have been raised on the direct appeal and were, therefore, procedurally barred under Rule 3:22-4(a). The judge also addressed defendant's arguments on their merits and found that defendant had failed to establish a prima facie case of ineffective assistance of trial counsel.

## II.

On this appeal, defendant makes two arguments, which he articulates as follows:

> POINT I – DEFENDANT'S PCR PETITION SHOULD NOT HAVE BEEN TIME BARRED.
>
> POINT II – THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO ADEQUATELY CONSULT WITH HIM.

A-3764-19

We agree that the petition was not time-barred. Nevertheless, we affirm because defendant did not establish a prima facia showing of ineffective assistance of counsel.

We review the denial of defendant's petition de novo because there was no PCR evidentiary hearing. State v. Harris, 181 N.J. 391, 419 (2004); State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

1. Defendant's Petition Was Not Shown to Be Time-Barred.

Rule 3:22-2 permits collateral attack of a conviction based on a claim of ineffective assistance of counsel within five years of the conviction. See R. 3:22-2(a); R. 3:22-12(a)(1); see also Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). Defendant was sentenced on August 31, 2012. His PCR petition was received in the trial court on August 31, 2017, almost exactly five years after he was sentenced. The record does not explain why the petition was formally filed almost a month later, on September 25, 2017. Consequently, the record before us does not establish that defendant's petition was time-barred.

2. Defendant Did Not Show That His Trial Counsel Was Ineffective.

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance [truly] prejudiced the defense." Strickland, 466 U.S. at 687 (quoting U.S. Const. amend. VI); Fritz, 105 N.J. at 58 (adopting the Strickland two-prong test in New Jersey).

A petitioner is not automatically entitled to an evidentiary hearing. State v. Porter, 216 N.J. 343, 355 (2013). Rule 3:22-10(b) provides that a defendant is entitled to an evidentiary hearing on a PCR petition only if he or she establishes a prima facie case in support of PCR, "there are material issues of disputed fact that cannot be resolved by reference to the existing record," and "an evidentiary hearing is necessary to resolve the claims for relief." See also Porter, 216 N.J. at 354. The PCR court should grant an evidentiary hearing only "if a defendant has presented a prima facie claim in support of post-conviction relief." State v. Preciose, 129 N.J. 451, 462 (1992).

Defendant argues that his trial counsel was ineffective because he failed to adequately consult with defendant before and during trial. The PCR judge reviewed and rejected this contention, pointing out that defendant provided no

7

support for his allegation and that his trial counsel's performance was not deficient. The PCR judge also found that defendant had not demonstrated how his trial counsel's alleged deficient performance prejudiced him in any way.

On appeal, defendant argues that the PCR judge erred by "focusing exclusively" on the trial record. Defendant fails, however, to point to any facts showing his trial counsel was inadequate in consulting with him before, during, or after trial. Instead, defendant's arguments are only bare assertions with no factual support. Bare assertions are "insufficient to support a prima facie case of ineffectiveness." State v. Blake, 444 N.J. Super. 285, 299 (App. Div. 2016) (quoting State v. Cummings, 321 N.J. Super. 154, 171 (App. Div. 1999)).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION